damage by requiring a large bond from complainants. It is usually desirable that a status quo be preserved, until the rights of all parties may be determined upon a fuller and more satisfactory presentation of the facts than can possibly be obtained from ex parte affidavits; and the method adopted here, viz., injunction and bond to respond for damages is not infrequently used to accomplish that purpose. Such a disposition of the case is within the discretion of the trial judge, and in this case it does not seem that such discretion was abused. The questions presented are important, not only to the parties, but to the public as well. It would seem wiser that there should be no judicial discussion of them until all the facts are fully presented. For these reasons, without expressing any opinion as to the propositions of law discussed in Judge Coxe's opinion, his order is affirmed, without costs. It is proper for us to add, however, that we take this action with the expectation that the complainants will use every endeavor to bring on speedily the case for final hearing and that any delay on their part would be good ground for the dissolution of the injunction.

---

THE RAVN. (Circuit Court of Appeals. Second Circuit. November 13, 1911.) No. 113. Appeal from the District Court of the United States for the Eastern District of New York. Appeal from a decree awarding $12,500 to the libelant for salvage services rendered to the steamship Ravn. The libelant appeals, claiming the award to be inadequate. Edward G. Benedict (Everett, Clarke & Benedict, of counsel), for appellant. Haight, Sanford & Smith (Charles S. Haight and Clarence B. Smith, of counsel), for appellee. Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. While the salvage award in this case is moderate, we cannot find any violation of correct legal principles upon the part of the District Court, or any failure to exercise the discretion vested in it as the court of the first instance "in the spirit of those decisions which high judicial tribunals have recognized and enforced." The Bay of Naples, 48 Fed. 737, 1 C. C. A. 81. The facts appearing in the record are wholly insufficient to justify an appellate court in disturbing a salvage award. The decree of the District Court is affirmed, without interest, and with the costs of this appeal to the appellee.

---

SOUTHERN OIL CO. v. BALLARD.† (Circuit Court of Appeals, Fifth Circuit. November 3, 1911.) No. 2,227. In Error to the Circuit Court of the United States for the Southern District of Georgia. Wm. W. Osborne and A. A. Lawrence, for plaintiff in error. H. D. D. Twiggs and Simon N. Gazan, for defendant in error. Before PARDEE and SHELBY, Circuit Judges.

PER CURIAM. On the facts, the fellow servant doctrine was not involved. nor did the case turn upon the proposition that a master employer must furnish a safe place to work, but rather on the question how far the plaintiff below assumed the risk in the place he was called to work. Where a carpenter is called to work in and about moving machinery, by adding to or repairing the same, he assumes the risk as to all apparent dangers, but not as to undiscovered hidden dangers, of which the master is or should be aware and does not warn him. Under the evidence, the case was necessarily submitted to the jury, and the instructions given by the court show no reversible error. The judgment of the Circuit Court is affirmed.

---

STALEY et al. v. DERDEN. (Circuit Court of Appeals, Fifth Circuit. December 5, 1911.) No. 2,199. Appeal from the Circuit Court of the United States for the Northern District of Texas. R. S. Neblett, for appellants. W. J. McKie and Horace Chilton, for appellee. Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. This is an appeal from an interlocutory order granting an injunction regulating the delivery pendente lite of the reserved share or

† Rehearing denied December 5, 1911.